RACHEL LEDERMAN, SBN 130192
Alexsis C. Beach & Rachel Lederman, Attorneys
P.O. Box 40339
San Francisco, CA 94140-0339
Ph 415-282-9300, fax 510-590-9296
*rachel@sfbla.com*

R. MICHAEL FLYNN, SBN 258732
Flynn Law Office
1720 Broadway, Ste 430
P.O. Box 70973
Oakland CA 94612
Tel:  (510) 893-3226, fax: (866)728-7879
*michael@flo-law.com*

Attorneys for plaintiff SABRINA SHIRAZI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSÉ DIVISION

| | |
|---|---|
| SABRINA BELLE SHIRAZI,<br><br>    Plaintiff,<br><br>    v.<br><br>UCPD FORMER CHIEF NADER OWEIS; UCPD LIEUTENANT GREG FLIPPO; AND DOES 1-50, INCLUSIVE,<br><br>    Defendants. | Case No. 5:21-cv-136<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br>**42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

**I. INTRODUCTION**

1.       This is a civil rights action for damages arising from an unconstitutional police attack on a peaceful labor picket near the entrance to the University of California, Santa Cruz (UCSC) on February 10, 2020. Plaintiff Sabrina Shirazi, a UCSC graduate student and employee,

COMPLAINT | *Shirazi v. Oweis* | Case No. 5:21-CV-136                                         1

attended the labor picket along with hundreds of students, faculty, and staff to express her views in support of UCSC graduate student workers' demand for a Cost of Living Adjustment. Ms. Shirazi was simply standing in the crowd when, without warning, DOE police officers rushed from behind her, shoved, pushed and pulled her, and beat her repeatedly with clubs on the head and body, causing a concussion and other injuries.

## II. JURISDICTION AND VENUE

2.  This action seeks damages under 42 U.S.C. § 1983. This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.  Venue properly lies within this District under 28 U.S.C. § l391(b). The defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

## III. INTRADISTRICT ASSIGNMENT

4.  Pursuant to Local Rule 3-2, this action is properly assigned to the San José division of this Court.

## IV. PARTIES

6.  Plaintiff SABRINA BELLE SHIRAZI is a natural person over the age of eighteen and a resident of Santa Cruz, California. Ms. Shirazi is a Ph.D. candidate in the Ecology and Evolutionary Biology Department at the UCSC, and is employed by UCSC as a Graduate Student Researcher and Teaching Assistant.

7.  Defendant NADER OWEIS was, at all times herein mentioned, the Chief of Police of the UCSC Police Department. OWEIS set in motion, supervised, directed, approved, and acquiesced in police officers' constitutional violations during the subject incident, including but not limited

to the use of excessive force and deprivation of the plaintiff's First and Fourth Amendment rights by police officers under his supervision; and by having the opportunity to stop the police misconduct but failing to intervene to stop the constitutional violations by his subordinates.

8.  Defendant GREG FLIPPO is a Lieutenant of the UCSC Police Department. FLIPPO set in motion, supervised, directed, approved, and acquiesced in police officers' constitutional violations during the subject incident, including but not limited to the use of excessive force and deprivation of the plaintiff's First and Fourth Amendment rights by police officers under his supervision; and by having the opportunity to stop the police misconduct but failing to intervene to stop the constitutional violations by his subordinates.

9.  The individual defendants are sued in their individual capacities.

10. The DOE defendants include other individuals responsible for use of excessive force, but whom plaintiffs have not yet been able to identify, due to defendants' withholding of information. The DOE defendants include those persons who supervised and/or participated in the conduct complained of herein. Plaintiffs are informed and believe and therefore allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. In doing the acts alleged herein, defendants, and each of them, acted within the course

and scope of their employment.

12. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

13. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V. FACTUAL ALLEGATIONS

14. In November 2019, the UC Santa Cruz Graduate Student Association Executive Board, and their union local, UAW Local 2865 Santa Cruz, made a demand to UCSC Chancellor Cynthia Larive for a Cost of Living Adjustment (COLA) based on the severe rent burden they were facing in Santa Cruz' inflated housing market. Graduate student workers at UCSC were experiencing homelessness or atrocious housing conditions, food insecurity, and/or having to work multiple jobs to afford rent which consumed as much as 80% of their UCSC pay. On December 9, 2019, the graduate student workers began a grading strike. When their demand for a COLA was not met, the student workers voted to begin a full teaching strike on February 10, 2020.

15. On February 10, 2020, the first day of the full strike, plaintiff Sabrina Shirazi attended a labor picket at the intersection of Bay Drive and High Street, near the main entrance to UCSC, in support of the strike and demand for a COLA.

16. Ms. Shirazi was one of hundreds of graduate and undergraduate students, faculty, lecturers, staff, and others in attendance. Support rallies were held at five other University of California campuses that day. All of these labor pickets, including the one at UCSC, were peaceful. At UCSC, the labor picket involved speeches, food, music, button-making and dancing.

17. But that afternoon, police officers aggressively arrested a young woman who was delivering water to the UCSC picketers. This caused picketers to gather near the police car, chanting. DOE officers then charged precipitously into the crowd from behind the picketers without warning, hitting and shoving people with their billy clubs.

18. Police did not give dispersal announcements at any point during this incident. Commands to step back were virtually simultaneous with hitting people, giving no time to comply.

19. Plaintiff was standing nearby when DOE officers rushed in from behind her. Despite the fact that plaintiff was not blocking the police car, impeding the officers, or presenting any threat, and is a relatively small woman, at least two large male DOE UCPD officers, and one DOE officer who may have been a UCPD officer or California Highway Patrol (CHP) officer brought in as mutual aid to assist the UCPD officers, surrounded her and clubbed her repeatedly on the head, neck, shoulder, and body. Each officer violently shoved her with their clubs toward the others so that her head, neck, and body whipped rapidly back and forth. Ms. Shirazi was not impeding the police, and told the DOE officers that they had trapped her and that she could not get out from between them, but they continued to hit and shove her until they pushed her down and stepped over her.

20. The police never gave a dispersal order to the crowd and the DOE officers did not give Ms. Shirazi any orders or instructions as to what to do to avoid their use of force on her.

21. The DOE officers never attempted to arrest Ms. Shirazi, nor was there any basis to arrest her.

22. Ms. Shirazi never presented a threat or engaged in any conduct justifying any police use of force on her.

23. Plaintiff is informed and believes that she was targeted for this police violence because she was the only person in her immediate vicinity who appeared to be Brown and/or of Middle Eastern origin.

24. Ms. Shirazi was dazed and in severe pain. Initially, her vision and hearing were impaired. A friend helped her to lie down on the grass where she remained for approximately an hour. The police offered no aid. Eventually a friend helped her get to the student health clinic. She had a concussion and extensive soft tissue injuries and could not work for weeks. Eventually, she gradually pushed herself to return her research, but at a reduced pace within her capacity. Ms. Shirazi's injuries continue to impact her life daily.

25. Defendants' actions deprived plaintiff of her rights to freedom of speech, expression and association; to be free from the use of excessive and/or arbitrary force; and to be free from unreasonable, summary punishment, all guaranteed by the United States and California Constitutions.

26. Plaintiffs are further informed and believes and thereon allege that defendant CHIEF NADER OWEIS, LIEUTENANT GREG FLIPPI, and/or other high ranking UCPD and UC officials and supervisors were on actual notice at the time of this incident that there was a custom, policy, pattern and/or practice of excessive force, violations of First Amendment rights—including the rights of protesters; inadequate supervision, training, control and/or discipline of members of the UCPD; and/or other similar or related customs, policies and/or practices which the defendants knew and/or reasonably should have known were likely to cause violations of the rights of, injury and/or damages to citizens having contact with UCPD officers, including, but not limited to, plaintiff.

27. Plaintiff is further informed and believe that OWEIS, FLIPPI, and DOE police

supervisors caused plaintiff's injuries and the violation of her rights through their decisions to respond to the protest with excessive force and/or with unnecessary escalation and in a manner that would inevitably lead to excessive force, and by allowing officers to use excessive force and/or failing to intervene to prevent or stop such use of excessive force.

28. Plaintiff is informed and believe that defendants OWEIS, FLIPPI, and DOE defendants, and/or each of them, caused the violation of plaintiff's constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of the UCPD personnel and mutual aid, including CHP personnel assigned to assist UCPD at the subject incident, to prevent the foreseeable violation of plaintiffs' constitutional rights, as further described above.

29. As a direct and proximate result of the conduct of defendants described herein, plaintiff has been denied her constitutional, statutory and legal rights as stated below, and has suffered general and special damages, including but not limited to, pain, suffering, shock, humiliation, emotional distress, fear, terror, anxiety, disabilities, medical and related expenses, lost wages, damage to career, and other damages in amounts according to proof at trial.

30. Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiff's rights and safety, justifying an award of punitive damages.

31. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in amounts to be determined according to proof. In the event that plaintiff is the prevailing party in litigation stemming from the incident alleged herein, plaintiff will seek attorneys' fees and costs based on state and/or federal statutes.

## VI. CLAIMS FOR RELIEF

COMPLAINT | *Shirazi v. Oweis* | Case No. 5:21-CV-136          7

**ONE - VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT (42 U.S.C. § 1983)**]

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

33. The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, violated plaintiff's right to be free from excessive force, under the Fourth and Fourteenth Amendments to the United States Constitution.

34. Wherefore, plaintiff prays for relief as hereinafter set forth.

**TWO - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)**

35. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes that plaintiff's protected speech and perceived position in the labor dispute were substantial and motivating factors for the defendants' use of excessive force on her, as described above.

37. The acts and/or omissions of defendants, and each of them, individually and/or while acting in concert with one another, chilled plaintiff's rights to freedom of speech, expression, and association, under the First and Fourteenth Amendments to the United States Constitution.

38. Wherefore, plaintiff prays for relief as hereinafter set forth.

**THREE – CONSPIRACY TO DEPRIVE PLAINTIFF OF HER CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)**

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

40. Each of the defendants acted in concert with each other and conspired by concerted

action to accomplish an unlawful purpose by unlawful means.

41. Each of the defendants took concrete steps to enter into an agreement to unlawfully use excessive force on plaintiff without notice or cause for the purpose of violating plaintiff's First, Fourth, and Fourteenth Amendment rights.

42. In furtherance of this conspiracy, each of the defendants committed specific overt acts, misusing their police powers for the purpose of violating plaintiff's rights. They accomplished this goal by using unwarranted, excessive force on plaintiff.

43. Each individual defendant is therefore liable for the violation of plaintiff's rights by any other individual defendant.

44. As a direct and proximate result of the result of the defendants' conspiracy, plaintiff suffered damages as alleged above.

45. Wherefore, plaintiff prays for relief as hereinafter set forth.

## FOUR – FAILURE TO INTERVENE (42 U.S.C. § 1983)

46. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

47. During the events described above, the defendants stood by without intervening to prevent the violations of plaintiff's constitutional rights heretofore alleged, even though the violations occurred in plain view of numerous police officers and all of the defendants had the opportunity and duty to do so.

48. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for plaintiff's clearly established constitutional rights.

49. As a result of defendants' wrongful conduct, plaintiff suffered damages as alleged above.

50. Wherefore, plaintiff prays for relief as hereinafter set forth.

## FIVE – ASSAULT AND BATTERY

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

52. The DOE defendants committed assault and battery on plaintiff by hitting and shoving her with billy clubs, and/or by supervising such offensive illegal contact.

53. Said acts by defendants and/or each of them were unreasonable and excessive uses of force.

54. Plaintiff did not consent to the use of force against her and was injured thereby.

55. Wherefore, plaintiff prays for relief as hereinafter set forth.

## SIX - VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

56. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

57. Plaintiff is informed and believes that bias against plaintiff's perceived race, color, religion, ancestry, national origin, position in the labor dispute, and/or political affiliation was a motivating reason for defendants' above-described misconduct toward her.

58. Defendants' above-described conduct violated plaintiff's rights to be free from violence and intimidation by threat of violence committed against her because of her actual or perceived race, color, religion, ancestry, national origin, position in the labor dispute, and/or political affiliation, in violation of California Civil Code § 51.7.

59. Wherefore, plaintiff prays for relief as hereinafter set forth.

## SEVEN - VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

60. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this

Complaint.

61. The acts and/or omissions of defendants, and each of them, individually and/or while acting in concert with one another, constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

62. By virtue of the foregoing, said defendants acted with malice and oppression and the intent to deprive and did deprive plaintiff of her rights to be free from excessive force and her right to freedom of speech and assembly.

63. Wherefore, plaintiff prays for relief as hereinafter set forth.

### EIGHT – NEGLIGENCE

64. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

65. Defendants had a duty of care to plaintiff to ensure that they did not cause unnecessary or unjustified harm to her, and OWEIS and FLIPPO had a duty of care to hire, train, supervise and discipline UCPD officers, and to supervise officers providing mutual aid to UCPD, so as to not cause harm to plaintiff and to prevent violations of plaintiff's constitutional, statutory and common law rights.

66. In doing the acts and/or omissions as alleged herein, defendants, and/or each of them, breached their duty of care to plaintiff, resulting in the injuries and damages alleged herein.

67. WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### IX. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

COMPLAINT | *Shirazi v. Oweis* | Case No. 5:21-CV-136         11

1.  For past, present and future general damages, including but not limited to, pain, suffering, disability, deprivation of First Amendment rights, and/or emotional distress to be determined according to proof;

5.  For past, present and future special damages, including, but not limited to, medical expenses, lost wages, damage to career and/or other out of pocket losses to be determined according to proof;

6.  For punitive damages against the individual defendants and/or each of them, to be determined according to proof;

7.  For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and for a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52, subd. (b);

8.  For pre- and post-judgment interest as permitted by law;

9.  For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

10. For costs of suit;

11.  For such other and further relief as the Court may deem just and proper.

## X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## XI. JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated: January 4, 2021              Respectfully submitted,

FLYNN LAW OFFICE

COMPLAINT | *Shirazi v. Oweis* | Case No. 5:21-CV-136           12

ALEXSIS C. BEACH & RACHEL LEDERMAN,
Attorneys
/S/
By: Rachel Lederman
Attorneys for plaintiffs