1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                     NORTHERN DISTRICT OF CALIFORNIA

8                            SAN JOSE DIVISION

9

10   SABRINA BELLE SHIRAZI,                Case No.   5:21-cv-00136-EJD

11                Plaintiff,               **ORDER GRANTING IN PART
                                           DEFENDANT SILVA'S MOTION TO
           v.                              DISMISS; GRANTING IN PART
12                                         DEFENDANTS OWEIS, FLIPPO AND
     NADER OWEIS, et al.,                  BATES' MOTION TO DISMISS;
13                                         GRANTING PLAINTIFF'S MOTION
                                           FOR LEAVE TO FILE A SECOND
14                Defendants.              AMENDED COMPLAINT**

15
                                           Re: Dkt. Nos. 24, 27, 35
16

17         This is a civil rights action for damages.  Plaintiff Sabrina Belle Shirazi ("Plaintiff")

18   alleges she was injured by law enforcement while she was attending a peaceful protest.  The

19   following motions are before the Court:  (1)  Defendants Nader Oweis, Greg Flippo, and Loren

20   Bates' motion to dismiss (ECF 24); (2) Defendant CHP Officer Silva's motion to dismiss (ECF

21   27); and (3) Plaintiff's motion for leave to file a Second Amended Complaint and to substitute

22   parties for DOES 3 and 4 (ECF 35).  The motions are fully briefed.  *See* ECF 30-33, 37-38.[1]  The

23

24   [1] Plaintiff's Corrected Opposition to UC Defendants Bates, Oweis and Flippo's Motion to Dismiss
     (ECF 30) is untimely and exceeds the 25-page limit set by the Local Rules.  In the interest of
25   justice, the Court will consider all of the brief.  In the future, however, Plaintiff shall comply with
     the Local Rules.  Failure to do so may result in the imposition of sanctions.
26
     Case No.: 5:21-cv-00136-EJD
27   ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
     IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28   GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
     COMPLAINT
                                            1

1  Court in its discretion has taken the motions under submission for decision without oral argument

2  pursuant to Civil Local Rule 7-1(b).  For the reasons discussed below, Defendants' respective

3  motions to dismiss are granted in part and Plaintiff's motion for leave file a second amended

4  complaint is granted.

5  **I.      BACKGROUND[2]**

6          Plaintiff is a Ph.D. candidate at the University of California Santa Cruz ("UCSC") and is

7  employed by UCSC as a Graduate Student Research and Teaching Assistant.  Prior to the events at

8  issue, graduate students at UCSC notified the UCSC administration that they would strike and

9  picket at the University on February 10, 2020.  The purpose of the scheduled strike and picket was

10  to support graduate student workers' demand for a Cost of Living Adjustment.

11          Defendant Nader Oweis ("Oweis") was the Chief of Police of the UCSC Police

12  Department at the time of the scheduled event.  Defendant Greg Flippo ("Flippo") is a Lieutenant

13  of the UCSC Police Department.  Both Defendants knew that a strike and picket were planned for

14  February 10 and called in "mutual aid" from other law enforcement agencies.  *Id*.  Defendant

15  UCPD Officer Loren Bates ("Bates") is a UC Berkeley Police Officer who responded on February

16  10 "as mutual aid" for the UCSC Police.  FAC ¶ 9.  Defendant "CHP Officer First Name

17  Unknown Silva" ("Silva") is a California Highway Patrol officer who also responded on February

18  10 "as mutual aid" for the UCSC Police.  *Id*. ¶ 10.  The DOE defendants "include other individuals

19  responsible for use of excessive force."  *Id*. ¶ 12.

20           On February 10, 2020, Plaintiff attended the labor picket near the entrance to UCSC,

21  along with hundreds of other students, faculty and staff.  *Id*. ¶ 19.  The event was peaceful.  *Id*.

22  However, when police officers "aggressively" arrested a woman delivering water to the picketers,

23  the picketers gathered near the police vehicle and chanted.  *Id*. ¶ 20.  Without warning, DOE

24

25  _____

    [2] The Background is a summary of the allegations in the First Amended Complaint ("FAC"), ECF
26  20.

27
    ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
    IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28  GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
    COMPLAINT
                                                  2

United States District Court
Northern District of California

1   UCPD and CHP officers then charged into the crowd from behind the picketers, hitting and

2   shoving people with their billy clubs. *Id.*  Plaintiff "was standing in the crowd when, without

3   warning, DOE police officers rushed from behind her, shoved, pushed and pulled her, and beat her

4   repeatedly with clubs on the head and body, causing a concussion and other injuries." *Id.* ¶ 1.

5   Elsewhere in the FAC Plaintiff alleges more specifically that "UCPD Officer BATES, CHP

6   Officer SILVA, and at least one other large male DOE UCPD officer, surrounded her and clubbed

7   her repeatedly on the head, neck, shoulder, and body.  Each officer violently shoved her with their

8   clubs toward the others, so that her head, neck, and body whipped rapidly back and forth.  Plaintiff

9   was not impeding the police." *Id.* ¶ 23.

10       Plaintiff told Bates, Silva and a DOE officer that they had trapped her and she could not

11   get out, but they continued to hit and shove her until they pushed her down and stepped over her.

12   Silva, as well as one or more DOE officers and/or UCPD police officers saw other officers hit

13   Plaintiff on the head, but failed to intervene. *Id.* ¶¶ 11, 25.  None of the Defendants summoned

14   medical care. *Id.* ¶ 25.  Plaintiff is informed and believes she was targeted for police violence

15   because she was the only person in her vicinity "who appeared to be Brown and/or of Middle

16   Eastern origin." *Id.* ¶ 29.

17       Plaintiff asserts the following claims:  (1) a civil rights claim pursuant to 42 U.S.C. § 1983

18   for violation of her right to be free from "excessive force" under the Fourth and Fourteenth

19   Amendments to the United States Constitution; (2) a § 1983 claim for violation of her rights to

20   freedom of speech, expression and association under the First and Fourteenth Amendments to the

21   United States Constitution; (3) a § 1983 claim for conspiracy to deprive Plaintiff of her rights; (4)

22   a § 1983 claim for failure to intervene; (5) assault and battery against only the UCPD Defendants;

23   (6) violation of California Civil Code § 51.7 against only the UCPD Defendants; (7) violation of

24   California Civil Code § 52.1 against only the UCPD Defendants; and (8) negligence against only

25   the UCPD Defendants.

26

27   ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
     IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28   GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
     COMPLAINT

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(6); *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).

When reviewing the complaint, the court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief."  *Id.* at 679.  The court must also construe the alleged facts in the light most favorable to the plaintiff.  *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.  Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  If a Rule 12(b)(6) motion to dismiss is granted, the court should grant leave to amend unless it determines that the complaint could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

## III.   DISCUSSION

Defendants Oweis, Flippo and Bates move to dismiss the FAC.  Defendant Silva moves to dismiss the first through fourth claims.  Each claim is discussed separately below.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    First Claim: "Excessive Force"

#### 1.    Reference to Fourteenth Amendment

The first claim for "excessive force" references both the Fourth and Fourteenth Amendments.  Defendants contend that the reference to the Fourteenth Amendment should be stricken because a claim for "excessive" force arises under the Fourth Amendment.  Plaintiff explains that she cited to both Amendments because the Fourth Amendment is made applicable to the States by the Fourteenth Amendment.  Plaintiff acknowledges that her claim for excessive force arises under the Fourth Amendment; she does not intend to assert a separate claim for a violation of the Fourteenth Amendment.  Based on Plaintiff's representation, the Court finds it unnecessary to strike the reference to the Fourteenth Amendment.

#### 2.    Oweis and Flippo

Next, Oweis and Flippo argue that the FAC lacks sufficient facts to support the first claim against them.  Supervisory officials "may not be held liable under Section 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior." *Moss v. U.S. Secret Serv.*, 711 F.3d 941, 967 (9th Cir. 2013), rev'd sub nom. on other grounds, *Wood v. Moss*, 572 U.S. 744 (2014).  Instead, the Ninth Circuit has instructed that supervisors may be held liable under § 1983 as follows:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*Moss*, 711 F.3d at 967 (internal citation omitted); *see also Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005) (same).

##### a.    Plaintiff's Request For Judicial Notice

As an initial matter, Plaintiff asks the Court to take judicial notice of the California

Case No.: 5:21-cv-00136-EJD
ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1  Disaster and Civil Defense Master Mutual Aid Agreement ("Agreement"), and argues that

2  pursuant to this Agreement, Oweis and Flippo were responsible for supervising officers at the

3  scene of the strike.  "As a general rule, 'a district court may not consider any material beyond the

4  pleadings in ruling on a Rule 12(b)(6) motion.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 688

5  (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).  There are two

6  recognized exceptions to this rule.  In ruling on a 12(b)(6) motion, a court may consider, without

7  converting the motion to a motion for summary judgment (1) "material which is properly

8  submitted as part of the complaint" where the authenticity of the material is not contested and (2)

9  matters of public record.  *Id*.  Here, the Agreement could be characterized as a matter of public

10 record.  However, Plaintiff fails to connect this Agreement to the alleged constitutional violations.

11 The FAC does not allege that Defendants were operating under the Agreement, much less allege

12 that the Agreement led Defendants to (1) set in motion a series of acts by others, or knowingly

13 refuse to terminate a series of acts by others, which they knew or reasonably should have known

14 would cause others to inflict constitutional injury; (2) engage in culpable action or inaction in

15 training, supervision, or control of subordinates; (3) acquiesce in the constitutional deprivation by

16 subordinates; or (4) act recklessly or with callous indifference to the rights of others.  The Court

17 declines to take judicial notice of the Agreement because Plaintiff has not shown it is relevant.

18 *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for

19 judicial notice, in part because information to be noticed did not bear on the "relevant issue"

20 before the court).

21                         **b.**      **Allegations in the FAC**

22         Turning to the FAC, Plaintiff alleges that Oweis and Flippo "caused [P]laintiff's injuries

23 and the violation of her rights through their decisions to respond to the protest, and to the young

24 student's attempt to deliver water to the picketers in a car, with unnecessary escalation and in a

25 manner that said defendants knew or reasonably should have known would inevitably lead to

26

27 ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
   IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28 GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
   COMPLAINT

United States District Court
Northern District of California

excessive force, and/or by allowing officers to use excessive force and/or failing to intervene to prevent or stop such use of excessive force."  FAC ¶ 33.

### i.    "Setting in Motion" / "Refusing to Terminate" Acts

It is unclear from the FAC whether or not Oweis and Flippo were even present at UCSC when the events at issue unfolded.  *See* FAC ¶ 33 (DOE UCPD and CHP police supervisors were present at the protest *and/or* monitored the police response) (emphasis added).  Although a plaintiff is not required to allege a supervisor was physically present when the injury occurred, a plaintiff must allege some culpable action or inaction.  *Moss*, 711 F.3d at 968.  The FAC fails to do so.  The FAC does not allege that Oweis and Flippo directed or were aware of the arrest of the student attempting to deliver water to picketers.  Nor does the FAC allege that Oweis and Flippo knew or reasonably should have known the arrest of the student would set in motion picketers gathering near the police vehicle, much less that the picketers' behavior would lead to the officers' use of force.  Nor does the FAC allege that Oweis and Flippo knew or reasonably should have known the use of force would be excessive and consequently violative Plaintiff's constitutional rights.

Similarly, there are insufficient facts to support an inference that Oweis and Flippo knowingly refused to terminate any of the officers' actions.  The absence of any facts to show Oweis and Flippo's knowledge or acquiescence in the officers' actions against Plaintiff distinguishes this case from other cases cited by her.  *See Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (reversing summary judgment as to two officers because they were aware of the plaintiffs' detention and witnessed at least part of the arrest and beating at issue); *Keating v. City of Miami*, 598 F.3d 753, 763–765 (11th Cir. 2010) (finding cognizable claim based on allegations that supervising officers (i) approved orders permitting police line to advance while beating unarmed demonstrators and discharging projectiles and tear gas, (2) made the decision to use "herding techniques" to corral demonstrators by personally directing the police lines; and (3)

United States District Court
Northern District of California

directed police lines to begin discharging weapons at unarmed demonstrators); *Baker v. Monroe Tp.*, 50 F.3d 1186, 1193–94 (3d Cir. 1995) (holding that knowledge could be inferred from supervising officer (i) "hollering instructions" outside to others who were holding plaintiffs in handcuffs and at gunpoint, and (ii) being present in a small apartment where plaintiffs were being held in one room). Unlike in *Maxwell*, *Keating*, and *Baker*, there are no allegations to suggest Oweis and Flippo gave the orders in this case. Nor are there allegations from which to infer Oweis and Flippo were aware that batons were at the ready and that they had the ability to stop the officers from hitting Plaintiff.

### ii.    Inadequate Training

Plaintiff alleges that Oweis and Flippo knew officers had inadequate training and that they "caused the violation of [P]laintiff's constitutional rights as a result of their . . . deliberate indifference to the need for more or different training." FAC ¶¶ 33-34. This allegation is too conclusory. The FAC fails to allege that Oweis and Flippo were responsible for training the officers who were present at the protest. The FAC also fails to allege any facts about the purported inadequacies of the officers' training. Accordingly, the Section 1983 claim against Defendants Oweis and Flippo is dismissed with leave to amend. *Moss*, 711 F.3d at 968 (affirming dismissal of §1983 against supervisors because the protestors "allege[d] no facts whatsoever about the officers' training or supervision, nor d[id] they specify in what way any such training was deficient.").

### B.    Second Claim for Violation of Rights to Freedom of Speech, Expression and Association

There are three elements to a First Amendment retaliation claim. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755 (9th Cir. 2006). "[A] plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Id.* at 770 (citing *Mendocino Envt'l*

1    *Cntr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)).  To satisfy the causation

2    requirement, a plaintiff must plead and ultimately prove that a defendant's desire to cause the

3    chilling effect was a but-for cause of defendant's action.  *Dietrich v. John Ascuaga's Nugget*, 548

4    F.3d 892, 901 (9th Cir. 2008).  Only the third element is at issue in Defendants' motions.

5    Courts have held that the "indiscriminate" use of force against all protestors supports an

6    inference that law enforcement's actions were substantially motivated by a plaintiff's protected

7    First Amendment activity.  *See e.g.*, *Black Lives Matter Seattle-King Cty. v. City of Seattle, Seattle*

8    *Police Dep't*, 466 F. Supp. 3d 1206, 1214 (W.D. Wash. 2020).   Here, Plaintiff alleges on

9    information and belief that her "protected speech and perceived position in a labor dispute were

10   substantial and motivating factors for . . .  use of excessive force on her."  FAC ¶ 43.  Although

11   this allegation is conclusory, there are other factual allegations that could support an inference

12   Silva and Bates engaged in an indiscriminate use of force, which in turns supports an inference

13   that their actions were substantially motivated by Plaintiff's First Amendment activity.  Plaintiff

14   alleges that the strike and picket were peaceful.  She alleges she was "standing nearby," but not

15   blocking the police car when DOE UCPD and CHP officers, including Bates and Silva, rushed in

16   from behind her.  *Id.* ¶ 22.  The police allegedly did not give any warning or dispersal order before

17   charging.  *Id.* ¶ 20.  She alleges that even though she was not impeding the police officers or

18   presenting any threat, police officers, including Bates and Silva, surrounded her and clubbed her

19   repeatedly.  *Id.* ¶ 23.

20   Defendants view the allegations in the FAC differently.  Defendants focus on the

21   allegation that the event precipitating the use of force was the picketers gathering near the police

22   vehicle.  The FAC alleges that Plaintiff became "trapped" when officers pushed a crowd that had

23   gathered near a police vehicle where an arrestee had been detained.  Defendants also highlight

24   allegations that she was "standing nearby" the crowd of picketers that had gathered near the police

25   vehicle and that she was rushed from behind.  *Id.*  According to Defendants, the reasonable

26

27   ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
     IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28   GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
     COMPLAINT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    inference from these allegations is that police officers were separating the crowd of picketers from

2    the arrestee detained in the police vehicle.  Defendants also argue that it is not reasonable to infer

3    that state-funded law enforcement officers would be motivated to use force on other state

4    employees seeking higher wages.

5        "Often, defendants' conduct has several plausible explanations."  *Watson Carpet & Floor*

6    *Covering, Inc. v. Mohawk Indus.*, 648 F.3d 452, 458 (6th Cir. 2011).  In this case, the Court finds

7    Defendants' alternative interpretation of the FAC is indeed plausible.  Nevertheless, "[f]erreting

8    out the most likely reason for the defendants' actions is not appropriate at the pleadings stage.  *Id.*;

9    *see also Martinez v. City of Santa Rosa*, 499 F. Supp. 3d 748  (N.D. Cal. 2020) (noting that court's

10   concern about the veracity of plaintiff's allegations was not a reason to grant a motion to dismiss).

11   When Plaintiff's factual allegations are construed in the light most favorable to her, they are

12   sufficient at the pleading stage to support a cognizable First Amendment claim against Bates and

13   Silva.

14       Defendant Bates and Silva's respective motions to dismiss the second claim are denied.

15   The claim is dismissed as to Oweis and Flippo with leave to amend.

16   **C.      Section 1983 Conspiracy Claim**

17       "To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between

18   the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the

19   conspiracy, and (3) a constitutional deprivation."  *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217

20   (S.D. Cal. 2012).  The "agreement need not be overt, and may be inferred on the basis of

21   circumstantial evidence such as the actions of the defendants."  *Crowe v. Cty. of San Diego*, 608

22   F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283,

23   1301 (9th Cir. 1999)).  "To be liable, each participant in the conspiracy need not know the exact

24   details of the plan, but each participant must at least share the common objective of the

25   conspiracy."  *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539,

26

27   ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
     IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28   GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
     COMPLAINT

1541 (9th Cir. 1989) (en banc)).

Here, Plaintiff alleges that Oweis and Flippo knew that there was going to be a strike and began planning for the strike days earlier. FAC. ¶ 17. Plaintiff further alleges that Oweis, Flippo and DOE UCPD and CHP police supervisors were present at the protest and/or monitored the police response. *Id.* ¶ 33. They allegedly "acted in concert with each other and conspired by concerted action to accomplish an unlawful purpose by unlawful means." *Id.* ¶ 48. Plaintiff also alleges that Defendants "took concrete steps to enter into an agreement" and "committed specific overt acts." *Id.* ¶¶ 49-50.

The conclusory allegations above are inadequate. There are no facts to show an agreement or a meeting of the minds to accomplish an unlawful purpose. Allegations that Defendants planned for the event, were present at the event, and used force on the picketers, do not support a reasonable inference that Defendants agreed to commit constitutional violations. Mere association does not make a conspiracy. *Newton v. Am. Debt Servs., Inc.*, No. 11-3228 EMC, 2013 WL 5592620, at *9 (N.D. Cal. 2013). Plaintiff argues that "[a]cquiescence can amount to a conspiracy agreement when, as here, one police officer watches an open breach of the law and does nothing to seek its prevention." Opp'n at 6 (quoting *Hafner v. Brown*, 983 F.2d 570, 578, 37 Fed. R. Evid. Serv. 935 (4th Cir. 1992)). The argument is unavailing because the FAC fails to plead facts to show acquiescence.

The conspiracy claim is dismissed with leave to amend. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.).

**D.     Section 1983 Failure to Intervene Claim**

"Police officers have a duty to intercede when fellow officers commit violations, but must have a realistic opportunity to intercede." *Adams v. Kraft*, No. 10-00602 LHK, 2011 WL 3240598, at *21 (N.D. Cal. July 29, 2011) (citing *Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Cir. 2000) (quotation omitted)); *see also Garlick v. Cty. of Kern*, 167 F. Supp. 3d 1117, 1161

2  (E.D. Cal. 2016) ("If an officer fails to intervene when fellow officers use excessive force, despite

3  not acting to apply the force, he would be responsible for violating the Fourth Amendment.").

4  "Moreover, the inquiry is specific to the individual defendant." *Id*. (citing *Chuman v. Wright*, 76

5  F.3d 292, 294 (9th Cir. 1996)).  In *Adams*, the plaintiff alleged he was subjected to false arrest and

6  excessive force, and that none of the state park rangers present at the scene attempted to intervene

7  to protect him, despite the fact that they were in a position to do so.  *Id*.  The plaintiff also alleged

8  that three officers "were in a position to and could have stopped the arrest and intervened to

9  prevent the excessive use of force after" the kick.  *Id*.  The *Adams* court characterized these

10 allegations are conclusory and merely a formulaic recitation of the legal standard.  *Id*.

11      Here, the FAC alleges the following regarding the alleged failure to intervene:

12          During the events described above, the defendants stood by without
13          intervening to prevent the violations of plaintiff's constitutional rights
            heretofore alleged, even though the violations occurred in plain view
14          of numerous police officers and all of the defendants had the
            opportunity and duty to do so.

15 FAC ¶ 55.  Like *Adams*, the allegations in the instant case are conclusory.  Furthermore, just

16 because the alleged violation occurred in "plain view" does not mean that Defendants had a

17 realistic opportunity to intercede.  The FAC also fails to allege facts specific to each individual

18 Defendant.  The failure to intervene claim is therefore dismissed with leave to amend.

19      **E.      Assault and Battery Claim (Against UCPD Defendants Only)**

20      "[T]o state a cause of action for assault a plaintiff must establish (1) that defendant

21 intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and

22 (2) that plaintiff was put in imminent apprehension of such contact."  *Brooks v. U.S.*, 29 F. Supp.

23 2d 613, 617 (N.D. Cal. 1998)  The elements of battery are: (1) defendant intentionally performed

24 an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not

25 consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or

26

1   harm to plaintiff.  *Nguyen v. City of Union City*, No. 13-1753 DMR, 2013 WL 3014136, at *5

2   (N.D. Cal. June 17, 2013).

3          Here, the FAC fails to allege any facts to show Oweis or Flippo were personally involved

4   in the alleged assault and battery.  *Oster v. City of Capitola*, No. 21-3562 SI, 2022 WL 1033547,

5   at *5 (N.D. Cal. Jan. 11, 2022) (dismissing claims against officer and chief who were not

6   personally involved in alleged assault and battery).  The claim is therefore dismissed with leave to

7   amend as to Oweis and Flippo.[3]

8          **F.       Ralph Civil Rights Act Claim - Section 51.7 (Against UCPD Defendants Only)**

9          The Ralph Act provides a civil action for damages resulting from "violence, or

10  intimidation by threat of violence" committed against a person "because of political affiliation" or

11  because of a "position in a labor dispute," or other protected characteristics.  Cal. Civ. Code §

12  51.7.  A Ralph Civil Rights Act claim can be asserted against a supervisor in the same way as for a

13  § 1983 claim.  *Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Off.*, 398 F.

14  Supp. 3d 660, 679 (E.D. Cal. 2019).  As discussed above, the FAC lacks sufficient facts to show

15  supervisory liability for the § 1983 claims.  Accordingly, the Ralph Civil Rights Act claim is

16  dismissed with leave to amend as to Oweis and Flippo.

17         As to Bates, the FAC alleges that "the bias against plaintiff's perceived race, color,

18  religion, ancestry, national origin, position in the labor dispute, and/or political affiliation was a

19  substantial motivating reason for defendants BATES . . . above-described misconduct toward her."

20  FAC ¶ 67.  This allegation is sufficient at the pleading stage.  "[A]s a practical matter, it would be

21  extremely difficult for Plaintiff to allege the individual defendants' racial animus absent a blatant

22  comment by one of the defendants – which is highly unlikely – or some degree of discovery."

23

24  _____

25  [3] The doctrine of respondeat superior is inapplicable in this case.  *See Wheat v. Lee*, No. 12-6299
    EMC, 2013 WL 2285174, at 1*13 n.6 (N.D. Cal. May 23, 2013) (dismissing assault and battery

26  claim against supervisor who was not alleged to be part of the group of officers who "rushed"
    plaintiff).

27  Case No.: 5:21-cv-00136-EJD
    ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
    IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28  GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
    COMPLAINT
                                              13

United States District Court
Northern District of California

1    *Jones v. Cty. of Contra Costa*, No. 13-5552 TEH, 2016 WL 1569974, at *5 (Apr. 19, 2016).  The

2    motion to dismiss the Section 51.7 claim against Bates is denied.

3          **G.      Bane Civil Rights Act Claim - Section 52.1 (Against UCPD Defendants Only)**

4          "The essence of a Bane Act claim is that the defendant, by the specified improper means

5    (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something

6    he or she had the right to do under the law or to force the plaintiff to do something that he or she

7    was not required to do under the law."  *Meyers v. City of Fresno*, No. CV F 10-2359 LJO, 2011

8    WL 902115, at *6 (E.D. Cal. Mar. 15, 2011) (quoting *Austin B. v. Escondido Union Sch. Dist*.,

9    149 Cal. App. 4th 860, 883, 57 Cal. Rptr. 3d 454 (2007)).  Section 52.1 "provides a cause of

10   action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation,

11   or coercion.'"  *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting

12   Cal. Civ. Code § 52.1).

13         A Bane Act claim can be asserted against a supervisor in the same way as for a § 1983

14   claim.  *Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Off.*, 398 F. Supp. 3d at

15   679.  As discussed above, the FAC fails to allege sufficient facts to state a cognizable claim

16   against Oweis and Flippo.  Therefore, the Bane Act claim is dismissed as to these two Defendants.

17         As to the Bates, Defendants argue that the FAC fails to plead he acted with the requisite

18   intent.  The Bane Act requires a "specific intent" to violate a person's rights.  *Reese v. Cty. of*

19   *Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City & Cty. of San*

20   *Francisco*, 17 Cal. App. 5th 766, 801-02 (2017)).  Construing the alleged facts in the light most

21   favorable to Plaintiff, "specific intent" may be reasonably inferred from the allegation that Bates

22   surrounded her and clubbed her repeatedly on the head, neck, shoulder, and body.  *Cf. John v.*

23   *Lake Cty.,* No. 18-06935 WHA, 2019 WL 859227, at *5 (N.D. Cal. Feb. 22, 2019) (holding that

24   plaintiffs pled a cognizable Bane Act claim based on allegations that defendant officers searched

25   their homes without a warrant or probable cause, threatened violence, and alleged that it was done

26
27   ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
     IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
28   GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
     COMPLAINT

1   willfully and maliciously); *Cornish v. Oakland Hous. Auth.*, No. 18-5947 LB, 2019 WL 1746070,

2   at *6 (Apr. 18, 2019) (holding that plaintiff pled a cognizable Bane Act claim based on allegations

3   that defendant pulled her out of her car, threw her to the ground and threatened to tase her).  Bates'

4   motion to dismiss the Bane Act claim is denied.

5        **H.      Negligence Claim (Against UCPD Defendants Only)**

6        To state a negligence claim against a police officer, a plaintiff must allege: "(1) the officer

7   owed plaintiff a duty of care; (2) the officer breached that duty by failing to use such skill,

8   prudence, and diligence as other members of the profession commonly possess; (3) proximate

9   cause between the negligent conduct and the resulting injury; and (4) actual loss or damage

10  resulting from the officer's negligence." *Ramos v. Orange Cty. Sheriff's Dep't*, No. SA CV 13-

11  1140 GHK, 2014 WL 12575767, at *7 (C.D. Cal. July 25, 2014) (citing *Harris v. Smith*, 157 Cal.

12  App. 3d 100, 104 (1984)).

13       Here, Plaintiff's negligence claim against Oweis and Flippo is based on an alleged failure

14  to supervise, hire, train, supervise and discipline officers.  Defendants contend that the claim fails

15  because the FAC fails to allege a special relationship that would give rise to a duty of care.  In

16  response, Plaintiff clarifies that she is asserting negligence against Oweis and Flippo under a

17  negligent supervision theory.  Opp'n at 28, 30.  As discussed previously, the FAC lacks sufficient

18  facts to support supervisory liability.  The negligence claim against Oweis and Flippo is therefore

19  dismissed.

20       As to Bates, the alleged Fourth Amendment violation "suffices to establish the breach of a

21  duty of care under California law.'" *Johnson v. City of Berkeley*, No. 15-5343 JSC, 2016 WL

22  928723, at *7 (N.D. Cal. Mar. 11, 2016) (citing *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170

23  (9th Cir. 2011) (reversing the district court's dismissal of a negligence claim predicated on

24  excessive force)).  Defendants' motion to dismiss the negligence claim against Bates is denied.

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

I.       **Motion for Leave to File Second Amended Complaint**

All Defendants filed conditional non-oppositions to Plaintiff's motion for leave to file a

Second Amended Complaint  *See* ECF 37, 38.  Defendants condition their non-opposition on this

Court first ruling on the pending motions to dismiss and using that ruling to frame any leave

subsequently granted to Plaintiff.  Having ruled on the pending motions to dismiss the FAC, the

Court grants as unopposed Plaintiff's motion for leave to file a Second Amended.

IV.    **CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.   Silva's motion to dismiss is GRANTED as to the third claim for conspiracy and

fourth claim for failure to intervene, and DENIED in all other respects.  The third

and fourth claim are dismissed with leave to amend.

2.   Oweis, Flippo and Bates' motion to dismiss is GRANTED IN PART.

- The first claim for excessive force is DISMISSED with leave to amend as to
Oweis and Flippo;

- The second claim for violation of the First Amendment is DISMISSED with
leave to amend as to Oweis and Flippo;

-  The third claim for conspiracy is DISMISSED with leave to amend as to
Oweis, Flippo and Bates;

- The fourth claim for failure to intervene is DISMISSED with leave to
amend as to Oweis and Flippo;

- The fifth claim for assault and battery is DISMISSED without leave to
amend as to Oweis and Flippo;

- The sixth claim for violation of Section 51.7 is DISMISSED with leave to
amend as to Oweis and Flippo;

- The seventh claim for violation of Section 52.1 is DISMISSED with leave
to amend as to Oweis and Flippo; and

Case No.: 5:21-cv-00136-EJD
ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

- The eighth claim for negligence is DISMISSED with leave to amend as to Oweis and  Flippo.

Defendants Oweis, Flippo and Bates' motion to dismiss is DENIED in all other respects.

   3.  Plaintiff's motion for leave to file a Second Amended Complaint and to substitute parties for DOES 3 and 4 is GRANTED.

Plaintiff may file a Second Amended Complaint no later than March 7, 2022.


        **IT IS SO ORDERED.**

Dated:  February 14, 2022


                                                      _____
                                                      EDWARD J. DAVILA
                                                      United States District Judge

Case No.: 5:21-cv-00136-EJD
ORDER GRANTING IN PART DEFENDANT SILVA'S MOTION TO DISMISS; GRANTING
IN PART DEFENDANTS OWEIS, FLIPPO AND BATES' MOTION TO DISMISS;
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT