UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SABRINA BELLE SHIRAZI,<br><br>Plaintiff,<br><br>v.<br><br>NADER OWEIS, et al.,<br><br>Defendants. | Case No. 21-cv-00136-EJD (VKD)<br><br>**INTERIM ORDER RE AUGUST 29, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 79 |

The parties ask the Court to resolve a dispute regarding whether defendants' counsel may inquire in deposition about what was discussed during a 2-hour meeting plaintiff's counsel held with multiple clients, all of whom are non-party fact witnesses in this case. Dkt. No. 79. Plaintiff's counsel contends that all communications during the meeting are privileged. Defendants question whether the non-party fact witnesses are "joint clients" of plaintiff's counsel and contend that an insufficient showing has been made that they are. Defendants argue that, as to each client, the presence in the meeting of people outside *that client's* attorney-client relationship with plaintiff's counsel negates any assertion of privilege as to each such client.

The Court does not have sufficient information to resolve this dispute. This may be due, at least in part, to the fact that the Court requires parties to comply with an expedited discovery dispute resolution procedure that prohibits formal motion practice and limits the submission of evidentiary or other material. *See* https://cand.uscourts.gov/vkd-standing-order-for-civil-cases-april-2022/. For this reason, the Court will permit plaintiff's counsel and/or her clients Dr.

Medina, Ms. Baker, and Ms. Nisi to submit to the Court, for in camera review if appropriate,[1] declarations or other evidence showing, at a minimum: (1) the purpose for which plaintiff's counsel represents each client, (2) the date on which each representation began, (3) identification of the people present during the meeting and their role (*e.g.*, attorney, paralegal, client, non-client), (4) a description of the allegedly privileged communications that occurred during the meeting in question, including with whom the communications occurred, (5) the basis, if any, of each client's expectation that the communications during the meeting would be confidential, and (6) as to each client, whether it was necessary for others (*i.e.*, other clients or non-clients) to be present during the meeting to facilitate the rendering or obtaining of legal advice. *See Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd.*, 150 F.R.D. 648, 652-53 (N.D. Cal. 1993) (identifying 10 non-exclusive factors bearing on the question of whether two or more people may be deemed "joint clients"); *see also In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 362-66 (3d Cir. 2007), *as amended* (Oct. 12, 2007) (distinguishing between "joint client privilege" and "common interest privilege").

The further submissions are due by **September 28, 2022**. After receiving the further submissions, the Court may conduct an evidentiary hearing, in camera if necessary.

**IT IS SO ORDERED.**

Dated: September 15, 2022

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Declarations and other evidence that require in camera review to avoid disclosure of potentially privileged information to defendants or the public maybe provide to the Court by emailing Judge DeMarchi's courtroom deputy, Adriana Kratzmann, at vkdcrd@cand.uscourts.gov, or by delivering the materials to the Clerk's office in the form of paper or on electronic media (e.g., disk or thumb drive).